IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAUNDRA L. SIRMANS | * | |
| | * | Civil Action No. CCB-21-618 |
| v. | * | |
| | * | |
| UNIVERSITY OF MARYLAND | * | |
| MEDICAL CENTER | * | |
| | * | |

******

**MEMORANDUM**

Now pending in this employment discrimination case is the defendant's motion to dismiss (ECF 11). The motion has been briefed fully, and no oral argument is required. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, the motion will be granted.

Plaintiff Saundra Simmons previously was employed by the University of Maryland Medical Center, LLC ("UMMC") as a lung transplant coordinator.[1] In November 2020, while on a leave of absence, Ms. Sirmans filed a charge of discrimination with the EEOC, alleging race and age discrimination and retaliation. (ECF 11-1, Ex. 1).[2] She received a dismissal and notice of right to sue letter in December 2020, (ECF 1, Ex. A), and timely filed a complaint in this court on March 10, 2021. (ECF 1). She is representing herself. Her complaint primarily alleges various "microaggressions" relating to comments by other employees, inadequate training, and a requirement that she work on-call shifts when a younger Caucasian transplant coordinator was not

---

[1] On May 14, 2021, Ms. Sirmans voluntarily resigned from UMMC.
[2] Ms. Sirmans was placed on a leave of absence as of September 17, 2020, at the recommendation of her healthcare providers. (ECF 1 at 11).

1

required to work on call.[3] She also alleged retaliation related to failure to instruct her on proper use of an on-call computer at home and related to a voluntary transfer request.[4, 5]

To succeed on a discrimination claim, in general, a plaintiff must allege facts that state the elements of a prima facie claim: (1) she is a member of a protected class, (2) her job performance was satisfactory, and (3) she suffered an adverse employment action (4) under circumstances giving rise to an inference of unlawful discrimination. *See, e.g., Adams v. Trustees of the University of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). She need not proffer evidence as to each element, but factual rather than conclusory allegations are required. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). To state a claim for retaliation, a plaintiff must allege that (1) she engaged in protected activity, (2) her employer took adverse action against her, and (3) a causal relationship existed between the protected activity and the adverse action. *Guessous v Fairview Prop. Invs., LLC.*, 828 F.3d 208, 217 (4th Cir. 2016).

First, Ms. Sirmans has failed to adequately allege an adverse action. Failure to provide training, without some showing of a more concrete effect on the terms and conditions of employment, is not sufficient to state a claim. *Chika v. Planning Corp.*, 179 F.Supp.2d 575, 584 (D. Md. 2002); *Coleman v. Johnson*, No. DKC-13-3649, 2015 WL 1292951, at *7 (D. Md. Mar. 20, 2015). Nor is a general requirement to work on call as part of the job. *McCain v. Waste Mgmt.,*

---

[3] The alleged comments were not race or age-related, but included: "You don't need to know that," "you are more studious than me," and "We heard you were in school for your doctorate.' (ECF 1 at 7; ECF 1-2 at 3).

[4] While her opposition appears to raise claims of failure to accommodate a disability, she did not exhaust this claim with the EEOC and therefore it does not survive a motion to dismiss. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Rowlette v. Lifebridge Health*, No. RDB-18-2706, 2019 WL 5696841, at *3 (D. Md. Nov. 4, 2019). Unpublished cases are cited not for any precedential value, but for the persuasiveness of their reasoning.

[5] Additionally, plaintiffs cannot amend a complaint through opposition briefing. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013).

*Inc.*, 115 F.Supp.2d 568, 575 (D. Md. 2000). To the extent she alleges another employee was not required to work on call during the same time period she was, she has not sufficiently alleged that the circumstances were similar nor shown in any way how the distinction, if there was one, was based on race or age. And the alleged comments, at most petty slights, do not constitute adverse action even under the more liberal standard for showing retaliation.

Further, as to retaliation, the alleged protected activity appears to have been her complaint in late June 2020 about the lack of training in prior months, which she attributed to race and age discrimination. The claimed failure to adequately instruct her on use of the computer appears to have occurred earlier in June 2020 and in any event was not an adverse action; the deadline she was given in September for transition to a new position was in response to her own request for a voluntary transition to a new position. No claim for retaliation has been stated.

Accordingly, Ms. Sirmans has failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and her case must be dismissed. A separate Order follows.

\_\_\_\_2/28/2022_____      _____/s/_____
Date                              Catherine C. Blake
                                  United States District Judge